UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY SMITH, | ) | CASE NO.: 1:24-CV-00344 |
| | ) | |
| Plaintiff, | ) | JUDGE: DAVID A. RUIZ |
| | ) | |
| vs. | ) | **DEFENDANTS' MOTION TO DISMISS** |
| | ) | |
| CITY OF LORAIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now come Defendants, City of Lorain, Joel Miller, Russ Cambarare, The Estate of Cel Rivera, Pete Rewak, and Mark Carpentiere, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., City of Lorain Law Director Patrick Riley and as to Defendants Miller, Cambarare, Carpentiere, and Rewak through Faulker, Hoffman, and Phillips LLC respectfully request that this Honorable Court grant their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and dismiss the claims asserted against these Defendants with prejudice. Lorain Defendants are entitled to dismissal because Plaintiff's Complaint fails to state a claim upon which relief may be granted. The individual Defendants are also entitled to qualified immunity. A memorandum in support is attached hereto and incorporated herein.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/John T. McLandrich*
JOHN T. MCLANDRICH  (0021494)
STEVEN K. KELLEY  (0023747)
EDMOND Z. JABER  (0096355)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax

|  |  |
|---|---|
|  | Email: jmclandrich@mrrlaw.com<br>skelley@mrrlaw.com<br>ejaber@mrrlaw.com |
| OF COUNSEL: | PATRICK D. RILEY (0006642)<br>City of Lorain Law Director<br>200 W. Erie Avenue, 3rd Floor<br>Lorain, OH 44052<br>(440) 204-2250<br>Email: Patrick_Riley@cityoflorain.org |
|  | JOSEPH LaVECK (0092326)<br>City of Lorain Assistant Law Director<br>200 W. Erie Avenue, 3rd Floor<br>Lorain, OH 44052<br>(440) 204-2250<br>Email: Joseph_LaVeck@cityoflorain.org |
|  | *Counsel for Defendants City of Lorain, Joel Miller, Russ Cambarare, The Estate of Cel Rivera, Pete Rewak, and Mark Carpentiere* |

2

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

This case arises from the 1993-1994 investigation, arrest, trial, and conviction of Plaintiff, Nancy Smith. (See generally, Pl. Compl., ECF # 1). Plaintiff has sued the City of Lorain and five Lorain Police Department officers: Joel Miller, Russ Cambarare, the Estate of Cel Rivera, Pete Rewak, and Mark Carpentiere. Plaintiff has also sued Jonathan Rosenbaum, Lorain County, and Margaret Grondin. This Motion to Dismiss is asserted on behalf of Defendants the City of Lorain, Joel Miller, Russ Cambarare, the Estate of Cel Rivera, Pete Rewak, and Mark Carpentiere (collectively the "Lorain Officers"). Plaintiff's Complaint attempts to allege the following causes of action:

1. Count I: A violation of 42 U.S.C. § 1983 alleging detention without probable cause. (Pl. Compl. at Count I).

2. Count II: A violation of 42 U.S.C. § 1983 alleging a denial of due process under the Fourteenth Amendment. (Pl. Compl. at Count II).

3. Count III: A violation of 42 U.S.C. § 1983 alleging fabrication of false evidence under the Fourth and Fourteenth Amendments. (Pl. Compl. at Count III).

4. Count IV: A violation of 42 U.S.C. § 1983 alleging supervisory liability. (Pl. Compl. at Count IV).

5. Count V: A violation of 42 U.S.C. § 1983 alleging failure to intervene. (Pl. Compl. at Count V).

6. Count VII- A violation of 42 U.S.C. § 1983 *Monell* claim against Defendant City of Lorain. (Pl. Compl. at Count VII).[1]

7. Count VIII: A claim under Ohio law for intentional or reckless infliction of emotional distress. (Pl. Compl. at Count VIII).[2]

---

[1] Plaintiff's Complaint skips Count VI.
[2] Plaintiff's Complaint jumps from Count VIII to Count XIV. This brief will address the counts as Plaintiff has numbered them in the Complaint.

8. Count XIV: A claim under Ohio law under the theory of respondeat superior. (Pl. Compl. at Count XIV).

As established below, Plaintiff fails to sufficiently plead causes of action under 42 U.S.C § 1983 because she does not allege specific conduct of any individual Lorain Officer Defendant. As such, Counts I, II, III, IV, and V should be dismissed. As Plaintiff has failed to allege the violation of a constitutional right by any individual Lorain Officer Defendant, the individual Defendants are also entitled to qualified immunity from Plaintiff's claims. Furthermore, because Plaintiff has failed to sufficiently plead causes of action under § 1983, she has failed to plead any viable constitutional violations, and therefore, the *Monell* claim in Count VII should be dismissed. Plaintiff also fails to identify any policy that is the moving force behind any alleged constitutional violation.

Additionally, Plaintiff's state law claims in Counts VIII and XIV should be dismissed because those counts fail to state claims upon which relief can be granted. Plaintiff has failed to sufficiently plead state law claims; the City of Lorain is immune pursuant to R.C. 2744; and the state law claims are barred by the applicable statute of limitations. Therefore, Plaintiff's Complaint must be dismissed in its entirety.

## II. LEGAL ANALYSIS

### A. Standard of Review

A complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6) if it fails to state claim upon which relief can be granted. *Rhoades v. Kasich*, 2018 WL 372755, *1 (N.D. Ohio, Jan. 10, 2018). To survive a Motion to Dismiss pursuant to Rule 12(b)(6), a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true, and all reasonable inferences are drawn in favor of the non-moving party. *Id.* quoting *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430,

4

434 (6th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Furthermore, "[f]ederal pleading requirements do not require detailed factual allegations, but 'it is still necessary that the complaint contain more than bare assertions or legal conclusions' to state a claim." *Johnson v. Weltman*, 2016 WL 1703408, *1 (N.D. Ohio, April 26, 2016) quoting *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430 at 434. "The complaint must allege sufficient facts to give 'the defendant fair notice of what the … claim is and the grounds upon which it rests' and that 'raise a right to relief above the speculative level.'" *Id.* quoting *Twombly*, 550 U.S. 544 at 555.

When a party moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for "failure to state a claim upon which relief can be granted," that party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

### B. Plaintiff has failed to sufficiently plead causes of action under 42 U.S.C. § 1983 in Counts I through V.

Under Fed.R.Civ.P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must provide the opposing party with "fair notice of what the… claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544 at 555 quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To sufficiently plead a cause of action under 42 U.S.C. § 1983, a plaintiff must plead facts that establish two elements: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore*

5

*Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006). To sufficiently plead the second element, a plaintiff must allege "personal involvement" in the deprivation of her rights. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).

> **1. Plaintiff's Complaint fails to allege conduct by the individual Lorain Officer Defendants that violates the Constitution.**

In Counts I through V, Plaintiff alleges various § 1983 claims against "Defendants" generally and collectively. (Pl. Compl. at ¶135-174.) In each count, Plaintiff states, "as described more fully above," and then attempts to describe conduct which she attributes to "Defendants" or "all of the Defendants." (See e.g., Pl. Compl. at ¶136, ¶146, ¶157, and ¶171).

However, nowhere in Counts I through V does Plaintiff make any effort to describe individual conduct of any of the Lorain Officer Defendants. In fact, the only time Plaintiff identifies Lorain Officers Miller, Cambarare, Rivera (the Estate of), Rewak, or Carpentiere separately and individually is in Paragraph 47 of her Complaint where she merely alleges that all these Defendants were police officers in the Lorain Police Department. (Pl. Compl. at ¶47). Beyond the collective description that the Lorain Officers were employed by the Lorain Police Department, Plaintiff never identifies the Defendant Officers individually, nor does she ever describe and attribute individual conduct to any of these Officers.

The Sixth Circuit is quite clear, that "personal involvement is necessary to establish section 1983 liability." *Murphy v. Grenier*, 406 Fed.App'x. 972, 974 (6th Cir. 2011). Likewise, holding a defendant liable for a civil rights violation pursuant to § 1983 "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). Plaintiff's § 1983 claims fail to sufficiently allege actions by individual Lorain Officer

6

Defendants. Not only does Plaintiff improperly allege conduct that she attributes to "Defendants" collectively, but she fails to provide any allegations as to how any of the individual Lorain Officer Defendants had personal involvement in depriving Smith of her constitutional protections. (See generally, Pl. Compl. at ¶135- 174). Plaintiff's Complaint provides no basis for the individual Lorain Officer Defendants to distinguish any of their conduct not only from each other, but from the conduct of the other Defendants as well. Plaintiff should not be allowed to use the Complaint as a basis for a fishing expedition, exposing the individual Defendants to the expense and riggers of litigation absent specific factual allegations as to their conduct that alleges a constitutional violation. Absent such allegations, the Complaint must be dismissed against them.

Furthermore, the law is clear that the individual defendant officers are entitled to qualified immunity from suit where a complaint fails to allege conduct of the officer that sets forth a violation of clearly established law. *Crawford v. Tilley*, 15 F.4th 752, 762-66 (6th Cir. 2021). Qualified immunity exists to protect officers from suit, the cost and time of litigation, where a complaint fails to allege conduct that violates clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985). Plaintiff bears the burden of showing that defendants are not entitled to qualified immunity. *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009). To meet this burden, the plaintiff must show both that, viewing the evidence in the light most favorable to her, a constitutional right was violated and that the right was clearly established at the time of the violation. *Id.* This burden must be met as to each defendant individually, based on their own conduct. Based on the bare allegations in her Complaint, Plaintiff has failed to show that the Lorain Officer Defendants are not entitled to qualified immunity.

As previously set forth, the Complaint fails to allege any specific conduct by any of the individual Defendants that alleges a violation of clearly established law. In fact, Plaintiff's

7

Complaint fails to allege any specific conduct sufficient to allege *any* constitutional violation, thus failing to meet the first part of her burden regarding qualified immunity. While Plaintiff pleads broad brush allegations of constitutional violations, Plaintiff fails to plead conduct of any individual Lorain Officer Defendant that sets forth a violation by any of them of clearly established law. *Id.* Absent such an allegation, the individual Defendants are entitled to qualified immunity and the Complaint against them must be dismissed.

### 2. Plaintiff fails to sufficiently plead supervisory liability.

Equally as problematic as Plaintiff's failure to allege individual conduct of any of the Lorain Officer Defendants is the fact that Plaintiff repeatedly attempts to allege supervisory liability without ever alleging specific actions of individual supervisors. (Pl. Compl. at ¶ 152, and ¶ 163-169).

In Count IV, Plaintiff attempts to allege supervisory liability under § 1983, but does not assert any specific allegations of conduct by any individual Defendant, including any individual Lorain Officer Defendant. (See Pl. Compl. at ¶ 163- 169). "Because vicarious liability is inapplicable to… § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. 662 at 676. "To establish a § 1983… claim against a public official in his personal capacity, a plaintiff must show that the official either actively participated in the alleged unconstitutional conduct or implicitly authorized, approved or knowingly acquiesced in the alleged unconstitutional conduct of an offending subordinate." *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (internal quotation and citation omitted).

Despite describing behavior of supervisory Defendants collectively, Plaintiff does not identify specific actions undertaken by any individual "supervisory" Defendant. (Pl. Compl. at ¶

8

165). In fact, Plaintiff does not even identify **who** the supervisor Defendants are. (See generally, Pl. Compl.).

Plaintiff's bare assertions and broad allegations concerning the Lorain Officer Defendants (and the other Defendants collectively) are insufficient to plead § 1983 claims. Courts appropriately dismiss a complaint when it omits specific allegations concerning acts performed by each individual defendant "that resulted in a deprivation of [plaintiff's] constitutional rights." *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012). Simply "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct" fails to satisfy the minimum standard of providing each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Id.* quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (internal quotation marks omitted).

Plaintiff's Complaint only generally alleges civil rights violations against Defendants as a group. This is deficient because the Complaint does not adequately describe specific constitutional violations or make allegations of individual conduct of any of the Lorain Officer Defendants. Civil rights violations "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." *Murphy*, 406 Fed.App'x at 974, quoting *Gibson*, 926 F.2d at 535.

Additionally, Plaintiff attempts to allege supervisory liability based on a failure of the supervisory Defendants (who Plaintiff does not name or identify) to train the individual Defendants (who Plaintiff also does not name or identify). (Pl. Compl. at ¶ 164). However, this theory of liability fails as well. Plaintiff fails to allege more than a conclusory allegation that Plaintiff's wrongful detention was caused by the supervisory Defendants failure to train the individual Defendants. *Crawford v. Geiger*, 996 F.Supp.2d 603, 613 (N.D. Ohio, February 10, 2014) citing

9

*Birgs v. City of Memphis*, 686 F.Supp.2d 776, 780 (W.D. Tenn. 2010) (dismissing failure to train claims where plaintiff failed to meet burden of pleading more than conclusory statements).

Because Plaintiff's Complaint fails to allege particular actions of any individual Lorain Officer Defendant, notwithstanding having access to the extensive record in Smith's underlying criminal case, it must be dismissed.

### C. Plaintiff's *Monell* claim against the City of Lorain fails to state a claim upon which relief can be granted.

In Count VII, Plaintiff alleges that the "Lorain Defendants" actions of fabricating and withholding exculpatory information from Plaintiff and her attorney were done pursuant to policies and practices by the City of Lorain. (Pl. Compl. at ¶ 176). Plaintiff further alleges that these policies and practices included the failure to adequately train, supervise, and discipline officers regarding disclosure of exculpatory evidence and on the prohibition of fabricating evidence. (Pl. Compl. at ¶ 176). And, because of these policies and practices, the City of Lorain violated Plaintiff's constitutional rights. (Pl. Compl. at ¶ 178).

However, as articulated above, because Plaintiff has failed to allege individual conduct, Plaintiff cannot establish any § 1983 constitutional violations against the Lorain Officer Defendants. And, because Plaintiff failed to sufficiently plead any § 1983 violations against the Lorain Officer Defendants, Plaintiff is barred from bringing a *Monell* claim against the City of Lorain.

"*Monell* holds that municipalities may be liable for the constitutional violations of their employees only where the municipality's policy or custom led to the violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) citing *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 694-695 (1978). But there can be no *Monell* liability without an underlying constitutional violation. *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007). Here,

10

because Plaintiff has failed to allege personal involvement of any of the Lorain Officer Defendants to sufficiently plead a § 1983 violation, there can be no municipal liability. "If a person has suffered no constitutional injury at the hands of [an individual officer], the fact that departmental regulations might have authorized [unconstitutional conduct to occur], is quite beside the point." *City of Los Angeles, et al. v. Heller,* 475 U.S. 796, 799 (1986).

Plaintiff has failed to identify any policy of the City that is the moving force behind any alleged constitutional violation. Plaintiff offers only insufficient legal conclusions.

Simply put, if there is no constitutional violation against an individual, a claim against the city is barred. Here, Plaintiff has failed to establish any constitutional violation against any individual Lorain Officer Defendant. As such, Plaintiff cannot sustain a *Monell* claim against the City of Lorain and therefore, this Count should be dismissed.

### D. Plaintiff's state law claims fail to state claims upon which relief can be granted.

In addition to the federal §1983 claims, Plaintiff has also asserted a state law claim for intentional/reckless infliction of emotional distress. (See Pl. Compl. at ¶ 180-184). She additionally alleges liability in the state law claim under a theory of respondeat superior. (Pl. Compl. at ¶ 185-187). For several reasons, Plaintiff's state law claims fail as a matter of law and must be dismissed.

#### 1. Plaintiff has failed to sufficiently plead state law causes of action.

Plaintiff's state law claims face the same pleading deficiencies that her federal claims do. *O.M. Through McConnell v. KLS Martin LP*, 560 F.Supp.3d 1084, 1087-1088 (N.D. Ohio, Sept. 17, 2021) (applying *Twombly* pleading standard in a motion to dismiss state law claims). Plaintiff's claim for intentional/reckless infliction of emotional distress contains nothing more than legal conclusions. (See Pl. Compl. at ¶ 180-184). Like all other claims in her Complaint, Plaintiff generally lumps all Defendants together and does not describe individual conduct of any

11

Defendant. A reading of this claim does not give the Lorain Officer Defendants fair notice of what the claim is against any of them nor the grounds upon which it rests. *Twombly*, 550 U.S. 544 at 555.

Respondeat superior does not lie against a municipal defendant at state law. Rather, any duty to defend and indemnify a city employee is defined by statute. (See ORC § 2744.07) Since a city's responsibility to indemnify is set by statute, and the city is otherwise immune from liability, Plaintiff's respondeat superior claim fails.

Because Plaintiff has failed to state a viable intentional/reckless infliction of emotional distress claim against any of the Lorain Officer Defendants, Plaintiff cannot establish this claim under the theory of respondeat superior either.

### 2. The City of Lorain is entitled to immunity.

Additionally, the City of Lorain is entitled to immunity under R.C. Chapter 2744 for the state law claims. Pursuant to R.C. 2744.02, political subdivisions are immune from intentional torts. *Wilson v. Stark Cty. Dept. of Human Services*, 70 Ohio St.3d 450, 1994-Ohio-394, 639 N.E.2d 105 (1994). The City of Lorain is a political subdivision under R.C. 2744.01(F), it is therefore immune from Plaintiff's intentional infliction of emotional distress claim, which is an intentional tort. *Walsh v. Village of Mayfield*, No. 92309 8th Dist. Cuyahoga, 2009 WL 1423921, ¶ 11, 2009-Ohio-2377 (May 21, 2009). A political subdivision will be stripped of its immunity only if an exception applies and those exceptions are enumerated in R.C. 2744.02(B)(1)-(5). None of those exceptions apply here. Further, there is no express imposition of liability by statute. Therefore, the City of Lorain is immune and Plaintiff's state law claims should be dismissed.

### 3. Plaintiff's state law claims are barred by the statute of limitations.

Lastly, Plaintiff's state law claims are barred by the applicable statute of limitations. Pursuant to R.C. §2744.04(A), claims brought against a political subdivision, or an employee of a political subdivision, are subject to a two-year statute of limitations. *Read v. Fairview Park*, No. 79036 8th Dist. Cuyahoga, 146 Ohio App. 3d 15, 19 (Sept. 17, 2001). The factual allegations contained within Plaintiff's Complaint relate to allegedly tortious conduct that occurred in 1993 and 1994- almost thirty years ago. While Plaintiff's §1983 claims do not accrue until after the criminal conviction is set aside, the same tolling does not apply to state law claims. *Fox v. DeSoto*, 489 F. 3d 227, 233 (6th Cir. 2007). As such, Plaintiff's state law claims are barred by the statute of limitations and should be dismissed with prejudice.

### III. CONCLUSION

WHEREFORE, the Lorain Officer Defendants and the City of Lorain respectfully request this Honorable Court to grant their Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/John T. McLandrich*
JOHN T. MCLANDRICH (0021494)
STEVEN K. KELLEY (0023747)
EDMOND Z. JABER (0096355)
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
(440) 248-8861 – Fax
Email: jmclandrich@mrrlaw.com
skelley@mrrlaw.com
ejaber@mrrlaw.com

13

OF COUNSEL:  PATRICK D. RILEY (0006642)
City of Lorain Law Director
200 W. Erie Avenue, 3rd Floor
Lorain, OH 44052
(440) 204-2250
Email: Patrick_Riley@cityoflorain.org

JOSEPH LaVECK (0092326)
City of Lorain Assistant Law Director
200 W. Erie Avenue, 3rd Floor
Lorain, OH 44052
(440) 204-2250
Email: Joseph_LaVeck@cityoflorain.org

*Counsel for Defendants City of Lorain, Joel Miller, Russ Cambarare, The Estate of Cel Rivera, Pete*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, a copy of the foregoing Motion to Dismiss of Defendants was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/John T. McLandrich*
JOHN T. MCLANDRICH (0021494)
STEVEN K. KELLEY (0023747)
EDMOND Z. JABER (0096355)

*Counsel for Defendants City of Lorain, Joel Miller, Russ Cambarare, The Estate of Cel Rivera, Pete Rewak, and Mark Carpentiere*