IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nancy Smith, | : | |
| | : | Case No. 1:24-cv-00344 DAR/JDA |
| Plaintiff | : | |
| | : | Judge David A. Ruiz |
| v. | : | Magistrate Jennifer Dowdell Armstrong |
| | : | |
| City of Lorain, et al. | : | |
| | : | |
| Defendants. | | |

**MOTION OF COUNTY RISK SHARING AUTHORITY**
**FOR LEAVE TO INTERVENE**

Now comes County Risk Sharing Authority ("CORSA") and, pursuant to F. R. Civ. P. 24, and moves the Court for leave to intervene in order to seek judgment declaring that CORSA has no duty to defend certain defendants in this action.  A proposed order granting this motion and proposed intervention complaint are attached.

Respectfully submitted,

/s/  Scyld D. Anderson
Scyld D. Anderson            (0065062)
Andrew N. Yosowitz          (0075306)
TEETOR WESTFALL LLC
200 East Campus View Boulevard # 200
Columbus, Ohio 43235
T: 614-412-4000 / F: 614-412-9012
E: sanderson@teetorlaw.com
E: ayosowitz@teetorlaw.com
*Attorneys for Intervenor*
*County Risk Sharing Authority ("CORSA")*

**MEMORANDUM IN SUPPORT**

CORSA is an Ohio not-for-profit corporation.  It is also an Ohio statutory political subdivision joint self-insurance pool within the meaning of Ohio R.C. §2744.081.  It provides

certain benefits to its Members, subject to the terms and conditions of its Coverage Agreement. These benefits include defending and indemnifying the affected Member and/or Covered Parties in certain legal actions brought against them.

In this action, CORSA is providing a defending Defendants Jonathan Rosenbaum and Lorain County, Ohio (the "County"). The defense is being provided out of an abundance of caution, subject to reservation of rights. CORSA contends that it has no duty to defend either Mr. Rosenbaum or the County, because the activities that form the basis of the Plaintiff's claims occurred in 1993 and 1994, but CORSA's coverage only applies to activities occurring on or after May 1, 1996.

F. R. Civ. P. 24, provides, in pertinent part, as follows:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>> \*\*\*
>
>> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b) Permissive Intervention.**
>> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
>>> \*\*\*
>>
>>> **(B)** has a claim or defense that shares with the main action a common question of law or fact.
>>
>> \*\*\*
>>
>> **(3)** *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.
>
> **(c) Notice and Pleading Required.** A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

CORSA contends that is entitled to intervention as a matter of right under F. R. Civ. P. 24(a), and that, if the Court disagrees, then the Court should nevertheless permit intervention under F.R. Civ. P. 24(b).

Although Ohio statutory political subdivision self-insurance pools are not insurers subject to Title 39 of the Ohio Revised Code, they are treated similarly to insurers for procedural purposes and purposes of contractual interpretation. See generally, *Ohio Gov't Risk Mgmt. Plan v. County Risk Sharing Authority*, 130 Ohio App.3d 174, 719 N.E.2d 992 (1998). Therefore, the Court should look to cases involving insurers for guidance concerning intervention. One fairly recent case is *Konica Minolta Business Solutions U.S.A., Inc v. Lowery Corp.* (Apr. 23, 2018), E.D. Michigan Case No. 15-11254, 2018 U.S. Dist. LEXIS 81618. In *Konica*, the court offered an extensive discussion of the law surrounding intervention by insurers.

Regardless of whether intervention is of right or permissive, the motion to intervene must be timely. In order to assess timeliness, several factors must be considered, namely, (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Konica* at *5, citing *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000). As of this writing, there are two pending motions to dismiss, one of which is not expected to be fully briefed until sometime next month. No Rule 26(f) report has been submitted. No case management conference has been set. It is apparent that there is no prejudice to any of the parties. Therefore, this motion to intervene is timely.

In order to establish a right to intervene under F. R. Civ. P. 24(A), the movant must show: (1) that the motion to intervene was timely; (2) that the intervenor has a substantial legal interest in the subject matter of the case; (3) that its ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent its interest. *Konica* at *5, citing *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007).

In the absence of intervention, CORSA's interest will be impaired because it will continue to incur costs of defense. The parties already before the court do not adequately represent CORSA's interest because both the Plaintiff and Defendants would benefit from CORSA money being available, and they have no incentive to develop an evidentiary basis to support CORSA's legal arguments concerning there being no coverage.

CORSA also has a substantial interest in the litigation. "There can be no dispute that an insurer has a direct interest in a lawsuit brought by an injured party against its insured when the insurer admits that the claim is covered by the policy in question. When the insurer offers to defend the insured but reserves the right to deny coverage, however, the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue." *Konica* at *10, citing *Travelers Indemnity Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989). Here, CORSA has denied coverage, but is nevertheless defending under reservation of rights. If CORSA is correct, then CORSA's interest is <u>not</u> dependent on the outcome of the liability phase of this action, and intervention of right is proper. If CORSA is not correct, then it has protected its Member and can determine facts salient to coverage by way of jury instructions, jury interrogatories, and verdict forms.

Even if intervention of right is not available, then the Court should allow permissive intervention for the limited purpose of submitting jury instructions, jury interrogatories, and verdict forms.  Intervention for this purpose has been approved by a number of courts.  *Konica* at *12-*13, citing *Plough, Inc. v. Int'l Flavors & Fragrances, Inc.*, 96 F.R.D. 136, 137 (W.D. Tenn. 1982) and *Thomas v. Henderson*, 297 F. Supp. 2d 1311, 1327 (S.D. Ala. 2003).  Obviously, CORSA's claim that there is no coverage involves a question of fact in common with the Plaintiff's claims and the Defendants' defenses, namely, when did the offending activities occur.

Whether a district court takes jurisdiction of an action for declaratory judgment is discretionary.  28 U.S.C. §2201.  That said, declaratory judgment is an appropriate vehicle by which to resolve questions of coverage where, as here, there is an actual controversy between the affected parties, and the parties need and want to know their rights.  See generally, *Western World Ins. Co. v. Hoey*, 773 F.3d 755 (6th Cir. 2014).

In summary, CORSA is entitled to intervention of right in order to petition the Court for declaratory judgment confirming CORSA's position that it has no duty to defend Mr. Rosenbaum or the County.  If the Court finds that intervention of right is not available, or if the Court at some point declines to grant the declaratory relief requested by CORSA, then CORSA's intervention should be allowed to continue as permissive in order for CORSA to submit jury instructions, jury interrogatories, and verdict forms.  Again, a proposed intervention complaint and proposed order are attached hereto.

Respectfully submitted,

/s/  Scyld D. Anderson
Scyld D. Anderson            (0065062)
Andrew N. Yosowitz           (0075306)
TEETOR WESTFALL LLC
200 East Campus View Boulevard # 200
Columbus, Ohio 43235
T: 614-412-4000 / F: 614-412-9012
E: sanderson@teetorlaw.com
E: ayosowitz@teetorlaw.com
*Attorneys for Intervenor*
*County Risk Sharing Authority ("CORSA")*

## CERTIFICATE OF SERVICE

I certify that, on June 19, 2024, the foregoing document was filed using the Court's NextGen CM/ECF system and served as required by F. R. Civ. P. 5.  Counsel of record and unrepresented parties include:

Jonathan I. Loevy
Michael Kanovitz
Elliot R. Slosar
Margaret E. Campbell
LOEVY & LOEVY
311 North Aberdeen Street, 3rd Floor
Chicago, IL 60607
T: 312-243-5900 / 312-243-5902
E: jon@loevy.com
E: elliot@loevy.com
E: campbell@loevy.com
*Counsel for Plaintiff*

Patrick D. Riley
Joseph T. LaVeck
CITY OF LORAIN, OFFICE OF LAW DIRECTOR
200 West Erie Avenue, 3rd Floor
Lorain, OH 44052
T: 440-204-2250 / F: 440-204-2257
E: law_director@cityoflorain.org
E: joseph_laveck@cityoflorain.org
*Counsel for City of Lorain*

Amy Robinson Staples
LOEVY & LOEVY
18 Village Plaza
Shelbyville, KY 40065
T: 312-243-5900 / 312-243-5902
E: amy@loevy.com
*Counsel for Plaintiff*

Edward Z. Jaber
John T. McLandrich
Steven K. Kelley
MAZANEC RASKIN & RYDER
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
T: 440-248-7906 / F: 440-248-8861
E: ejaber@mmrlaw.com
E: jmclandrich@mmrlaw.com
E: skelley@mmrlaw.com
*Counsel for Defendant City of Lorain*

Daniel T. Downey
Davis Moser
FISHEL DOWNEY ALBRECHT &
REIPENHOFF
7775 Walton Parkway, Ste. 200
New Albany, OH 43054
T: 614-221-1216 / F: 614-221-8769
E: ddowney@fisheldowney.com
E: dmoster@fisheldowney.com
*Counsel for Defendant Jonathan Rosenbaum*

Jonathan E. Rosenbaum
230 Third Street, Ste. 101
Elyria, OH 44035
T: 440-332-7972
E: jerosenbaum@windstream.net
*Counsel for Defendant Jonathan Rosenbaum*

Teresa L. Grigsby
SPENGLER NATHANSON
900 Adams Street
Toledo, OH 43064
T: 419-252-6261 / F: 419-241-8599
E: tgrigsby@snlaw.com
*Counsel for Defendant Lorain County, Ohio*

John T. McLandrich
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
T: 440-248-7906 / F: 440-248-8861
E: ejaber@mmrlaw.com
E: jmclandrich@mmrlaw.com
E: skelley@mmrlaw.com
*Counsel for Defendants Joel Miller, Russ Cambarare, Est. of Cel Rivera, Pete Rewak and Mark Carpentiere*

Robert A. Barrett, Jr.
FAULKNER HOFFMAN & PHILLIPS
20445 Emerald Parkway, Ste. 210
Cleveland, OH 44135
T: 216-781-3600 / F: 216-781-8839
E: barrett@fhplaw.com
*Counsel for Defendants Joel Miller, Russ Cambarare, Est. of Cel Rivera, Pete Rewak and Mark Carpentiere*

Gregory A. Peltz, II
LORAIN COUNTY OFFICE OF
PROSECUTING ATTORNEY
225 Court Street, 3rd Floor
Elyria, OH 44035
T: 440-329-5389 / F: 440-329-5430
E: greg.peltz@lcprosecutor.org
*Counsel for Defendant Jonathan Rosenbaum and Lorain County, Ohio*

        /s/  Scyld D. Anderson
        Scyld D. Anderson    (0065062)