## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Nancy Smith, | : | |
| | : | Case No. 1:24-cv-00344 DAR/JDA |
| Plaintiff | : | |
| | : | Judge David A. Ruiz |
| v. | : | Magistrate Jennifer Dowdell Armstrong |
| | : | |
| City of Lorain, et al. | : | |
| | : | |
| Defendants. | | |

## INTERVENTION COMPLAINT

Now comes County Risk Sharing Authority ("CORSA") and, pursuant to F. R. Civ. P. 24(c), for its intervention complaint, states as follows:

1. CORSA is an Ohio not-for-profit corporation. CORSA also is an Ohio statutory political subdivision joint self-insurance pool within the meaning of Ohio R.C. §2744.081.

2. This case arises out of allegations of wrongful conviction and imprisonment. Jonathan Rosenbaum and Lorain County, Ohio have been made defendants in this action. Lorain County is and was a Member of CORSA in the year 2024.

3. Generally speaking, Plaintiff alleges that:

   a. Mr. Rosenbaum, in his capacity as county prosecuting attorney, conspired with the other individual defendants to frame Ms. Smith by manufacturing false evidence and withholding exculpatory evidence, despite being aware that probable cause did not exist against Smith;

   b. In an investigative capacity, Mr. Rosenbaum participated in the decision to initiate charges against Smith;

   c. Plaintiff was wrongfully tried, convicted, and spent 28 years in prison;

d. The investigation occurred in 1993 and the trial occurred in 1994; and,

e. Lorain County and City of Lorain failed to adequately train and supervise, wrongfully failed to intervene, and are vicariously liable under the doctrine of respondeat superior and/or *Monell*-type liability.

4. In 2024, Mr. Rosenbaum and Lorain County submitted a claim to CORSA, asking CORSA to defend and indemnify them in this action.

5. Under the applicable Coverage Agreement, CORSA has no duty to defend either Mr. Rosenbaum or Lorain County in this action, because the applicable liability coverage has a retroactive date of May 1, 1996, after the dates on which Plaintiff alleges that the subject wrongful acts occurred. Concomitantly, CORSA has no duty to indemnify them, either.

6. Prior to May 1, 2018, CORSA liability coverages were provided on a claims-made basis. As of May 1, 2018, most CORSA liability coverages began being provided on an occurrence basis. CORSA attached to its 2017-2018 Coverage Agreement is an Extended Reporting Period Endorsement. That endorsement provided an extended reporting period lasting through the duration of the county's membership in CORSA, with the all its liability coverages, other than errors and omissions ("E&O") coverage, into occurrence-based coverage on a going forward basis, tied to terms and conditions of the 2017-2018 Coverage Agreement.

7. A complete copy of the 2017-2018 Coverage Agreement (CA 001 20170501) (the "Coverage Agreement") is attached hereto as Exhibit A. Pertinent provisions include, but may not be limited to:

**GENERAL DEFINITIONS**

The following words have specific meanings under various sections of the Coverage Agreement:

**Bodily Injury** means physical injury, sickness, or disease sustained by a person, including death resulting from any of these, and also includes mental anguish and emotional distress resulting from such physical injury and **Damages** awarded to a person for loss of another person's services and consortium due to a physical injury, sickness or disease sustained by such other person. **Bodily**

2

**Injury** does not include mental anguish or emotional distress of a person who has not been physically injured.  Solely for **Medical Professional Liability**, **Bodily Injury** also includes mental anguish and emotional distress even though not arising from a physical injury, sickness or disease.

**Damages** means monetary compensation including interest that a **Covered Party(ies)** becomes legally obligated to pay to an injured party under Section I, Liability, for **Bodily Injury**, **Advertising Injury**, **Property Damage** or **Personal Injury**, **Wrongful Acts**, and **Privacy or Security Events** to which this Coverage Agreement applies, and includes settlements to which CORSA has consented, but **Damages** does not include:

\*\*\*

3. Punitive, exemplary or multiplied damages or civil or criminal fines or penalties imposed by law

\*\*\*

**Law Enforcement Activities** means the specific and unique duties and responsibilities of law enforcement officers in the course of their employment by a Law Enforcement Department or Agency of the **Member,** including but not limited to the Sheriff's Office, Probation and Parole Departments, Prosecutors, and County Jail.  **Law Enforcement Activities** also means all policymaking, supervisory, and executive functions of any **Covered Party(ies)** relating to the duties and responsibilities of law enforcement officers.

**Limit of Liability** means the respective amounts stated as such in the Memorandum of Coverage.  Each amount is the most CORSA will pay:

1. For a single **Occurrence, Wrongful Act,** or **Privacy or Security Event** regardless of the number of **Covered Party(ies)**, **Claims** made, **Suits** brought, persons or organizations making **Claims** or bringing **Suits**, contributions paid or covered **Automobiles** or vehicles involved in an accident;

2. With respect to Section I, Liability Coverage Agreements:

    a) Under Subsections A. General Liability, B. Law Enforcement Liability, C. Automobile Liability, E. Ohio Stop   Gap Employers' Liability and F. Employee Benefit Liability respectively for **Damages** for each **Occurrence** (amounts paid as **Medical Payments** and **Defense Costs** are in addition to the **Limit of Liability**); and

    b) Under Subsection D, Errors and Omissions Liability, for **Damages** for each **Occurrence** seeking relief from **Wrongful Acts** (amounts paid as **Defense Costs** are in addition to the **Limit of Liability**).

\*\*\*

**Occurrence** means:

1. With respect to Section I, Liability Coverage Agreements, A. General Liability,  B. Law Enforcement Liability,  C. Automobile Liability, E. Ohio Stop Gap Employer's Liability and F. Employee Benefits Liability, an accident on or after the applicable **Retroactive Date** and before the end of the **Coverage Period**, or a continuous or repeated exposure to substantially the same general conditions that commences on or after the applicable **Retroactive Date** and before the end of the **Coverage Period** which results in **Bodily Injury, Personal Injury, Advertising Injury** or **Property Damage**.  All **Bodily Injury, Personal Injury, Advertising Injury or Property Damage** arising out of an accident or a continuous or repeated exposure to substantially the same general conditions shall be deemed to be one **Occurrence** regardless of the number of **Covered Party(ies)** involved,

3

    the number of individuals or entities affected, the number of locations involved, or the period of time involved, even if subsequent exposure takes place after the **Coverage Period**;

2. With respect to Section I, Liability Coverage Agreements, D. Errors and Omissions Liability, an alleged **Wrongful Act** that commences on or after the applicable **Retroactive Date** and before the end of the **Coverage Period**.  A series of continuous, repeated or related **Wrongful Acts** by one or more **Covered Party(ies)** shall be deemed to be one **Occurrence** regardless of the number of **Covered Party(ies)** engaged in such **Wrongful Acts**, the number of individuals or entities affected by such **Wrongful Acts**, the number of locations where such **Wrongful Acts** occur, the number of **Wrongful Acts** occurring or the period of time over which they occur, even if subsequent **Wrongful Acts** take place after the **Coverage Period**;

\*\*\*

    **Wrongful Act** means any actual or alleged tortious error, act, omission, misstatement, misleading statement, neglect or breach of duty on or after the applicable **Retroactive Date** and before the end of the **Coverage Period**, or continuous or repeated exposure to any of these, that commences on or after the applicable **Retroactive Date** and before the end of the **Coverage Period**, committed by a **Covered Party(ies)** in the discharge of their duties.  **Wrongful Act** includes actual or alleged **Wrongful Employment Practices**, discrimination, violation of civil rights, misfeasance, malfeasance, or nonfeasance in the discharge of duties, individually or collectively, that results directly but unexpectedly and unintentionally in damage to others.  A series of continuous, repeated or related **Wrongful Acts**, by one or more **Covered Party(ies)**, shall be deemed to be one **Wrongful Act** regardless of the number of **Covered Party(ies)** engaged in such **Wrongful Acts**, the number of individuals or entities affected by such **Wrongful Acts**, the number of locations where such **Wrongful Acts** occur, the number of **Wrongful Acts** occurring or the period of time over which they occur, even if subsequent **Wrongful Acts** take place after the **Coverage Period**.

## SECTION I – LIABILITY COVERAGE AGREEMENTS

### THIS IS A CLAIMS MADE COVERAGE

    With respect to Parts A., B., C., D., E., F., and G. below, CORSA agrees, subject to the limitations, terms and conditions hereunder mentioned, to pay on behalf of a **Covered Party(ies)** all **Damages** in excess of the applicable **Deductible** amount, and then up to the applicable **Limit of Liability**, which the **Member** becomes legally obligated to pay because of liability arising out of **Occurrences, Wrongful Acts** or **Cyber Security Events** in the **Coverage Territory** commencing on or after the applicable **Retroactive Date** and before the end of the **Coverage Period** and for which a **Claim** under this Section  is first made against a **Covered Party(ies)** during the **Coverage Period** and reported to CORSA as soon as reasonably practicable.

    CORSA has the right to investigate, defend, or settle any **Claim, Occurrence, Wrongful Act** or **Cyber Security Event** to which Section I, Liability Coverage Agreements, applies.  CORSA has the duty to investigate, defend, or settle any **Suit** for **Damages**, to which Section I, Liability Coverage Agreements, applies.  However, CORSA shall have no duty to investigate, defend, or settle any **Suit** for **Damages** to which Section I, Liability Coverage Agreements, does not apply.  CORSA's duty to defend begins when CORSA receives written notice of a **Suit** for **Damages** to which Section I, Liability Coverage Agreements, applies, and ends when the **Limit of Liability** has been exhausted by the payment for **Damages** for:

    A.  General Liability; Medical Payments;
    B.  Law Enforcement Liability
    C.  Automobile Liability; Medical Payments
    D.  Errors and Omissions Liability
    E.  Ohio Stop Gap Employers' Liability

    F.   Employee Benefits Liability
    G.   Privacy and Security Liability and Expense

When CORSA has the duty to defend under Section I, Liability Coverage Agreements, A, B, C, D, E and F, CORSA will pay **Defense Costs** in addition to the **Limit of Liability**. When CORSA has the duty to defend under Section I, Liability Coverage Agreements, G, Privacy and Security Liability and Expense, **Claims Expenses** are included in the **Limit of Liability**.

Coverage is provided under:

   \*\*\*

   B.   LAW ENFORCEMENT LIABLITY:

      1.   By reason of the liability imposed upon the **Covered Party(ies)** by law or assumed by a **Covered Party(ies)** under a **Covered Contract** for **Damages**, direct or consequential, that the **Covered Party(ies)** becomes legally obligated to pay and that arises out of any **Occurrence** or **Wrongful Act** during the performance of the **Covered Party(ies)** duties in the regular course of **Law Enforcement Activities**, except for **Wrongful Employment Practices**, provided for under Section I, Liability Coverage Agreements, D., Errors and Omissions Liability.

   \*\*\*

## SECTION I – LIABILITY EXCLUSIONS

A.   General Exclusions, SECTION I, LIABLITY COVERAGE AGREEMENTS, DOES NOT APPLY TO:

   1.   **Bodily Injury**, **Personal Injury**, **Advertising Injury, Property Damage, or Privacy or Security Events** which a **Covered Party(ies)** intended or expected or reasonably could have expected, but this exclusion shall not apply to **Claims** resulting from the use of reasonable force to protect persons or property while acting within the scope of his/her duties for the **Member**;

   2.   Any **Claim** caused or contributed to by fraud, dishonesty, or criminal act of that **Covered Party(ies)** or self-dealing or gaining of profit or advantage to which a **Covered Party(ies)** is not legally entitled;

   3.   Any **Claim** arising out of the willful violation of any federal, state, or local statute, ordinance, rule or regulation committed by or with the knowledge and consent of any **Covered Party(ies)**;

   \*\*\*

   12.   Any **Claim** resulting from an **Occurrence, Wrongful Act** or **Privacy or Security Event** which commences prior to 12:01 am of the **Retroactive Date(s)** in the Memorandum of Coverage;

\*\*\*

## SECTION I – LIABILITY SPECIFIC CONDITIONS

D.   DEFENSE AND SETTLEMENT:

   1.   A **Deductible** amount applies to each **Occurrence**, to be reimbursed to CORSA if paid by CORSA. After the **Member** has paid the applicable **Deductible** amount for Section I, Liability Coverages A, B, C, D or E, CORSA shall pay all reasonable **Defense Costs** incurred by

5

    CORSA, or by the **Member** with CORSA's prior consent, up to the **Limit of Liability**, and payment of **Defense Costs** by CORSA shall not reduce the amount available to pay **Damages**.  CORSA shall have no further obligation for **Defense Costs** or **Damages** when the **Limit of Liability** is exhausted;

2. As a condition precedent to a **Covered Party(ies)** rights with respect to any **Occurrence, Wrongful Act, Privacy or Security Event** or **Claim** that may or could involve this Coverage Agreement:

   \*\*\*

   b) No **Covered Party(ies)** or any person on behalf of a **Covered Party(ies)** shall admit any liability or without CORSA's prior consent, or make any payment, propose any settlement, settle any **Claim**, or incur any expense, except at the sole expense of such **Covered Party(ies)**;

   \*\*\*

## EXTENDED REPORTING PERIOD AMENDMENT

**Member: Lorain County**

**Coverage Agreement: CORSA CA 00120170501**

The Coverage Agreement is amended as follows:

SECTION I - LIABILITY SPECIFIC CONDITIONS, PARAGRAPH E. EXTENDED CLAIMS REPORTING PERIOD is deleted in its entirety and replaced by the following new paragraph:

E.  EXTENDED CLAIMS REPORTING PERIOD

1. An Extended Reporting Period is provided for the following Coverage Parts under SECTION I - LIABILITY COVERAGE AGREEMENTS:

   A. General Liability;
   B. Law Enforcement Liability;
   C. Automobile Liability;
   E. Ohio Stop Gap Employers' Liability
   F. Employee Benefits Liability.

2. The Extended Reporting Period shall commence as of the last day of the **Coverage Period** and continue in force until the date on which the **Member's** participation in CORSA terminates.

3. With respect to Coverage Parts A., B., C., E. and F., the coverage provided under SECTION I - LIABILITY COVERAGE AGREEMENTS shall include **Claims** first made during the Extended Reporting Period and reported to CORSA as soon as reasonably practicable. This coverage applies only to **Claims** arising out of an **Occurrence** or **Wrongful Act** that commences on or after the applicable **Retroactive Date** and before the end of the **Coverage Period.**

4. The Extended Reporting Period does not extend the **Coverage Period** or change any **Retroactive Date.** The Extended Reporting Period does not reinstate or increase the **Limits of Liability.**

All other terms and conditions of the Coverage Agreement are unchanged.

\*END\*

6

8. Even if there were the potential for coverage (which is denied), limiting terms and conditions contained in the applicable Coverage Agreement could apply. In which case, the applicability of such terms and conditions may require factual determinations to be made herein.

9. There is an actual controversy between and among the affected parties concerning whether CORSA has a duty to defend (and, thus, potentially indemnify) Mr. Rosenbaum and Lorain County, which controversy could be settled by declaratory judgment, the settlement of which would be useful to the parties.

WHEREFORE, CORSA prays that the Court enter judgment, pursuant to 28 U.S.C. §2201, declaring that CORSA has no duty to defend or indemnify Defendants Jonathan Rosenbaum and Lorain County, Ohio herein, and award CORSA its costs incurred herein, along with all other relief to which CORSA may be legally entitled or such as is just and equitable.

Respectfully submitted,

/s/ Scyld D. Anderson
Scyld D. Anderson (0065062)
Andrew N. Yosowitz (0075306)
TEETOR WESTFALL LLC
200 East Campus View Boulevard # 200
Columbus, Ohio 43235
T: 614-412-4000 / F: 614-412-9012
E: sanderson@teetorlaw.com
E: ayosowitz@teetorlaw.com
*Attorneys for Intervenor
County Risk Sharing Authority ("CORSA")*

**CERTIFICATE OF SERVICE**

I certify that, on June 19, 2024, the foregoing document was filed using the Court's NextGen CM/ECF system and served as required by F. R. Civ. P. 5. Counsel of record and unrepresented parties include:

Jonathan I. Loevy
Michael Kanovitz
Elliot R. Slosar
Margaret E. Campbell
LOEVY & LOEVY
311 North Aberdeen Street, 3rd Floor
Chicago, IL 60607
T: 312-243-5900 / 312-243-5902
E: jon@loevy.com
E: elliot@loevy.com
E: campbell@loevy.com
*Counsel for Plaintiff*

Patrick D. Riley
Joseph T. LaVeck
CITY OF LORAIN, OFFICE OF LAW DIRECTOR
200 West Erie Avenue, 3rd Floor
Lorain, OH 44052
T: 440-204-2250 / F: 440-204-2257
E: law_director@cityoflorain.org
E: joseph_laveck@cityoflorain.org
*Counsel for City of Lorain*

Daniel T. Downey
Davis Moser
FISHEL DOWNEY ALBRECHT & REIPENHOFF
7775 Walton Parkway, Ste. 200
New Albany, OH 43054
T: 614-221-1216 / F: 614-221-8769
E: ddowney@fisheldowney.com
E: dmoster@fisheldowney.com
*Counsel for Defendant Jonathan Rosenbaum*

Amy Robinson Staples
LOEVY & LOEVY
18 Village Plaza
Shelbyville, KY 40065
T: 312-243-5900 / 312-243-5902
E: amy@loevy.com
*Counsel for Plaintiff*

Edward Z. Jaber
John T. McLandrich
Steven K. Kelley
MAZANEC RASKIN & RYDER
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
T: 440-248-7906 / F: 440-248-8861
E: ejaber@mmrlaw.com
E: jmclandrich@mmrlaw.com
E: skelley@mmrlaw.com
*Counsel for Defendant City of Lorain*

John T. McLandrich
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
T: 440-248-7906 / F: 440-248-8861
E: ejaber@mmrlaw.com
E: jmclandrich@mmrlaw.com
E: skelley@mmrlaw.com
*Counsel for Defendants Joel Miller, Russ Cambarare, Est. of Cel Rivera, Pete Rewak and Mark Carpentiere*

| | |
|---|---|
| Jonathan E. Rosenbaum<br>230 Third Street, Ste. 101<br>Elyria, OH 44035<br>T: 440-332-7972<br>E: jerosenbaum@windstream.net<br>*Counsel for Defendant Jonathan Rosenbaum* | Robert A. Barrett, Jr.<br>FAULKNER HOFFMAN & PHILLIPS<br>20445 Emerald Parkway, Ste. 210<br>Cleveland, OH 44135<br>T: 216-781-3600 / F: 216-781-8839<br>E: barrett@fhplaw.com<br>*Counsel for Defendants Joel Miller, Russ Cambarare, Est. of Cel Rivera, Pete Rewak and Mark Carpentiere* |
| Teresa L. Grigsby<br>SPENGLER NATHANSON<br>900 Adams Street<br>Toledo, OH 43064<br>T: 419-252-6261 / F: 419-241-8599<br>E: tgrigsby@snlaw.com<br>*Counsel for Defendant Lorain County, Ohio* | Gregory A. Peltz, II<br>LORAIN COUNTY OFFICE OF PROSECUTING ATTORNEY<br>225 Court Street, 3rd Floor<br>Elyria, OH 44035<br>T: 440-329-5389 / F: 440-329-5430<br>E: greg.peltz@lcprosecutor.org<br>*Counsel for Defendant Jonathan Rosenbaum and Lorain County, Ohio* |

                                        /s/ Scyld D. Anderson
                                        Scyld D. Anderson       (0065062)