IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, CLEVELAND DIVISION

| | |
|---|---|
| NANCY SMITH, | Case No. 1:24-cv-00344 |
| Plaintiff, | |
| v. | HON. DAVID A. RUIZ |
| CITY OF LORAIN, et al. | MAG. JUDGE JENNIFER DOWDELL ARMSTRONG |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S RESPONSE TO COUNTY RISK SHARING AUTHORITY'S MOTION TO INTERVENE

NOW COMES Plaintiff, NANCY SMITH, by and through her counsel, LOEVY & LOEVY, and respectfully responds to CORSA's Motion for Leave to Intervene (Dckt. 29):

### Introduction

In February 2024, Plaintiff filed a lawsuit against Lorain County and Defendant Jonathan Rosenbaum—among other defendants—arising from her 15-year wrongful conviction. Dckt. 1. The County Risk Sharing Authority ("CORSA")—"a joint self-insurance pool"—seeks to intervene in the lawsuit. Dckt. 29. CORSA asserts that it is defending Lorain County and Defendant Rosenbaum "out of an abundance of caution," contending "that it has no duty to defend either Mr. Rosenbaum or the County . . . .". *Id.* at 2. CORSA seeks 1) to intervene as a matter of right under so that it can petition for a declaratory judgment that it has no duty to defendant Lorain County or Defendant Rosenbaum, or 2) to permissively intervene so that it can

1

submit jury instructions, jury interrogatories, and verdict forms. Dckt. 29 at 5. For reasons explained below, CORSA's motion must be denied.

## Argument

I. **CORSA Cannot Intervene in this Lawsuit Under Rule 24**

   A. **CORSA Lacks a Direct Legal Interest in this Lawsuit, Has Failed to Show Inadequate Representation by Defendants, and its Interest Does Not Relate to the Subject Matter of this Dispute**

Rule 24 of the Federal Rules of Civil Procedure does not permit CORSA to intervene in this lawsuit. Rule 24(a)—the intervention of right provision—provides that a court must permit anyone to intervene who "claims an interest relating to property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

> The Sixth Circuit has four requirements for intervention as a matter of right:
>
> (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.

*Mich. St. AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

CORSA's motion fails to satisfy these requirements. Insurers have no direct or substantial interest in the underlying action. *Adams v. Ohio Univ.*, 2017 WL 4618993, at *2 (S.D. Ohio Oct. 16, 2017); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989) ("The interest must be direct, not contingent."). "Indeed, 'courts have routinely denied intervention on grounds that insurers contesting coverage have no more than a contingent interest in the underlying action.'" *Id.* (quoting *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-cv-136, 2010 WL 1389036, at *3 (S.D. Ohio May 3, 2010)); *Konica Minolta Business Sols. U.S.A., Inc. v. Lowery*

*Corp.*, No. 15-11254, 2018 WL 2225360, at *3 (summarizing that courts routinely deny intervention of right for insurers who are contesting coverage); *Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-CV-01074, 2012 WL 645996, at *2 (N.D. Ohio Feb. 28, 2012) (finding no substantial legal interest because insurer's interest was contingent on future events of plaintiff's success and determination of insurer's duty under insurance contract). Rule 24(a)(2) is not satisfied even where—as CORSA claims is the case here (Dckt. 29 at 4)—an insurer provides a defense but contests coverage. *Hendrix v. Hudson*, No. 20-13200, 2023 WL 1766208, at *3 (E.D. Mich. Feb. 2, 2023) ("When an insurer provides a defense to the insured but reserves its rights, its interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue" and cannot support a motion to intervene under Rule 24(a)(2)); *Infrasource Const. Serv., LLC v. E&M Piping, LLC*, No. 1:12CV0261, 2012 WL 13026852, at *9 (N.D. Ohio Sept. 27, 2012) ("The First and Second Circuits have 'refused to allow intervention when an insurer seeks to minimize its insured's liability or to adjudicate a coverage issue.'")

CORSA also fails to show that there is inadequate representation of their interests by defendants already before the court. Both CORSA and Defendants share a common goal of limiting liability. *Hendrix*, 2023 WL 1766208, at *4 (noting that defendant faces prospect of uninsured liability, giving him motivation to defend case, which aligns with insurer's goal of limiting liability to greatest extent possible). "[W]hen the proposed intervenor and the party share the same ultimate goal, a presumption of adequate representation arises." *Id.* CORSA has identified no reason that the presumption of adequate representation doesn't apply here.

Finally, CORSA's interests do not relate to the subject matter of this dispute. *Adams*, 2017 WL 4618993, at *2. *State-law contractual disputes over insurance coverage involve*

3

*different claims and evidence than Plaintiff's § 1983 claims against Lorain County and Defendant Rosenbaum. Id.*; see also Travelers Indem. Co., 884 F.2d at 640 ("we will not allow the insurers to bootstrap their coverage defenses into this lawsuit" and "We will not permit [insurers] . . . to drag substantive issues of insurance law into a lawsuit whose subject matter is the allocation of liability among joint tortfeasors."). In short, CORSA may not intervene as of right under Rule 24(a)(2).

      **B. Permissive Intervention is Inappropriate Because Insurance Coverage Contract Claims Involve Different Questions of Law and Fact than Underlying Case**

Alternatively, CORSA seeks permissive intervention under Fed. R. Civ. P. 24(b). Rule 24(b)(1)(B) permits the court to allow intervention where a third-party "has a claim or defense that shares with the main action a common question of law or fact." Courts routinely deny insurers' requests for permissive intervention. *See Adams*, 2017 WL 4618993, at *3 ("Liberty's contract claim is unrelated to Plaintiffs' claims for damages flowing from Defendant Escobedo's alleged sexual assault. Liberty thus cannot establish that its claim shares common questions of law or fact with Plaintiffs' claims."); *Travelers Indem. Co.*, 884 F.2d at 632 (denying insurer's request for permissive intervention because it had no direct interest in the main action); *Konika Minolta*, 2018 WL 2225360, at *5, (denying insurer's request for permissive intervention because insurer's indemnity defense and the underlying action will require different evidence and different laws will apply); *Trustees of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14-CV-00313, 2014 WL 5878201, at *3 (N.D. Ohio Nov. 12, 2014) (denying insurer's request for permissive intervention because plaintiff's interest in efficient adjudication of underlying case would be prejudiced, and declaratory judgment action will require different evidence and different laws).

4

And, even assuming a common question of law or fact exists, an intervening insurer providing a defense under a reservation of rights creates a conflict of interest with defense attorneys and prejudices Plaintiff. *Infrasource Const. Serv., LLC v. E&M Piping, LLC*, No. 1:12CV0261, 2012 WL 13026852, at *11 (N.D. Ohio Sept. 27, 2012); *Frank Betz Assocs., Inc. v. J.O. Clark Const., L.L.C.*, No. CIV.A 3:08-CV-00159, 2010 WL 2375871, at *3 (M.D. Tenn. June 4, 2010) (denying permissive intervention because, in part, it would create a conflict between lawyers representing defendants and insurance counsel). Intervention also creates a problem for Plaintiff, because "there is a risk of delay and prejudice to the original parties if complex issues of coverage are introduced into a dispute, and intervention would force Plaintiff 'to become involved in a coverage dispute in which it does not yet have an interest.'" *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-CV-00849, 2022 WL 622124, at *4 (S.D. Ohio Mar. 3, 2022). Thus, intervention will create a host of problems for all parties.

Finally, CORSA "has not indicated . . . why a declaratory judgment action would not efficiently and effectively dispose of the dispute with its insureds" *Frank Betz*, 2010 WL 2375871, at *3 ("unlike virtually every other proposed intervenor/insurance company in the reported cases this Court has reviewed, AIC has not filed a separate declaratory judgment action . . . ."); *Infrasource Const. Serv., LLC*, 2012 WL 13026852, at *11 (denying permissive intervention because insurer can file a declaratory judgment action). For all these reasons, the Court must deny CORSA permissive intervention.

## CONCLUSION

For reasons explained above, Rule 24 does not authorize CORSA's intervention. CORSA's Motion to Intervene (Dckt. 29) must be denied.

RESPECTFULLY SUBMITTED,

/s/ Margaret Campbell
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Michael Kanovitz
Elliot Slosar
Amy Robinson Staples
Margaret Campbell
Loevy & Loevy
311 N. Aberdeen St., 3rd floor
Chicago, Illinois  60607
(312) 243-5900

## CERTIFICATE OF SERVICE

    I, Margaret Campbell, an attorney, hereby certify that on June 28, 2024, I filed a copy of the foregoing motion via the Court's CM/ECF system and thereby served a copy on all counsel of record.

                                                          /s/ Margaret Campbell
                                                          *Attorneys for Plaintiff*