IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Nancy Smith** | * | Case No. 1:24-cv-00344 |
| | * | |
| Plaintiff, | * | Judge David Ruiz |
| | * | Magistrate Judge Jennifer Dowdell |
| v. | * | Armstrong |
| | * | |
| **City of Lorain, et al.** | * | **DEFENDANT LORAIN COUNTY'S** |
| | * | **MOTION FOR JUDGMENT ON THE** |
| | * | **PLEADINGS AND SUPPORTING** |
| | * | **MEMORANDUM** |
| | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Lorain County ("Defendant" or "the County"), in accordance with Fed. Civ. Rule 12(c), hereby seeks judgment on the pleadings and dismissal of all claims set forth in the Complaint (Rec. Doc. # 1) ("Complaint") filed by Plaintiff Nancy Smith ("Smith" or "Plaintiff.") The County is entitled to dismissal because the allegations of the Complaint fail to state a plausible claim for relief against it. A Memorandum in Support of this Motion follows immediately.

**MEMORANDUM IN SUPPORT**

**A.**     **The Nature of the Case and the Allegations made against Lorain County.**

Plaintiff Nancy Smith was arrested and convicted of various charges in 1994. (See generally, Pl. Compl., ECF # 1). In this lawsuit, Plaintiff claims that an assistant prosecutor then employed in the Lorain County Prosecutor's Office, Jonathan Rosenbaum, joined in a conspiracy

with City of Lorain police officers to fabricate evidence which led to her arrest and conviction. Mr. Rosenbaum is separately represented from the County, and he has filed a Motion to Dismiss (ECF #15.)

Only conclusory factual allegations are made against Lorain County. Specifically, at Paragraph 49 of the Complaint, in a section of the Complaint titled "Parties," Plaintiff says that Mr. Rosenbaum's employment "fell under the purview of Lorain County." At Paragraph 50, Plaintiff alleges that Lorain County is a "municipal corporation under the laws of the State of Ohio," and then inaccurately concludes that the County is "liable for all torts committed by the Defendant Rosenbaum while employed by the Lorain County Prosecutor's Office pursuant to the doctrine of *respondeat superior*. Lorain County is or was the employer of Defendant Rosenbaum."

Of the eight Counts[1] set forth in the Complaint, none are specifically directed against the County. Specifically:

- Counts I, II, III, are constitutional claims made under 42 U.S.C. § 1983, and are asserted against the "Defendants" premised on allegations of improper detention, due process violations, and fabrication of evidence. The nature of the allegations indicates that these claims are directed against the Defendants sued in their individual capacities, and not the municipal entities. Because the particular individual Defendants are not specified, the claims presumably refer to all of the Defendant police officers and Defendant Rosenbaum.

- Counts IV and V assert constitutional claims made under 42 U.S.C. § 1983 of supervisory liability and failure to intervene, again pled collectively against unspecified "Defendants." These claims appear to pertain to certain of the police officer Defendants. They do not appear to pertain to Defendant Rosenbaum since he is not alleged to have been a supervisor (in fact, at Paragraph 49 he is alleged to have been a "deputy prosecutor") nor is he alleged to have failed to intervene to prevent a constitutional violation. There is no indication that these claims pertain to the Defendant County.

---

[1] The Counts are misnumbered. Count VI is omitted, and the Complaint skips from Count V to Count VII. Defendants will refer to the Counts as they are numbered in the Complaint.

- Count VII is identified as a *Monell v. Dept of Social Services,* 436 U.S.S 658 (1978) claim asserted against the City of Lorain but not Lorain County.

- Counts VIII asserts a state law claim of intentional infliction of emotional distress against unspecified "Defendants."

- County IX asserts a state law claim of *respondeat superior* against the City of Lorain, Lorain Police Department, and the Lorain County Prosecutor's Office.

**B.     The Legal Standards Applicable to this Motion**

To survive a Rule 12 motion seeking dismissal, Plaintiff's Complaint must allege facts sufficient to show that her claims have "substantive plausibility." *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544 (2007); *Ashcroft* v. *Iqbal*, 556 U. S. 662 (2009).

Plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Twombly,* 550 U.S. at 556.  A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56.  To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678.)  Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient. *Iqbal*, 556 U.S. at 679; see also*, Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-30 (6th Cir. 2009).

In evaluating plausibility, a court need not accept as true "a legal conclusion couched as a factual allegation," nor "recitations of the elements of a cause of action." *Twombly*, supra, 550 U.S. at 555.  See also, *Iqbal,* 556 U.S. at 678 and *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011).  A plaintiff must provide more than labels and conclusions. A complaint fails if it tenders only "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. 557.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements

3

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* supra, 556 U.S. at 678. Thus, when allegations are conclusory in nature, they are "disentitle[d]" "to the presumption of truth." *Iqbal,* 556 U.S. at 681.

The pleading requirements outlined in *Twombly* and *Iqbal* apply to motions for judgment on the pleadings made under Federal Rule of Civil Procedure 12(c), as well as motions to dismiss made under Rule 12(b)(6). *Carmichael v. City of Cleveland*, 571 F. App'x 426, 430 (6th 2014); *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

**C.	Argument in Support of Rule 12 Dismissal.**

**1.	Lorain County is not *sui juris.***

Ohio counties are local government units established by the Ohio General Assembly, which operate pursuant to Ohio R.C. Title 3. Ohio Constitution, Article X, Section 01. Ohio counties "may exercise only those powers affirmatively granted to them by the General Assembly." *Geauga Cty. Bd. of Commrs. v. Munn Rd. Sand & Gravel*, 67 Ohio St.3d 579, 582, 1993-Ohio-55; *see, also State ex rel. Shriver v. Board of Com'rs of Belmont County*, 148 Ohio St. 277, 280 (1947).

No section in the Ohio Revised Code authorizes an Ohio county to sue or be sued unless a county has adopted a charter or alternative form of government in accordance with Ohio R.C. §301.22 – which Lorain County has not done. Ohio R.C. §305.12 specifies the means by which claims involving an Ohio county which has not adopted a charter or alternative form of government must be pursued:

> The board of county commissioners may sue and be sued, and plead and be impleaded, in any court. * * *

4

Therefore, the Ohio Supreme Court has concluded that unchartered counties (a category which includes Lorain County) are not capable of being sued. *Estate of Fleenor v. Ottawa Cnty.*, 170 Ohio St. 3d 38, 2022- Ohio 3581.

Since the *Fleenor* decision was issued clarifying and establishing that unchartered counties are not *sui juris,* this District Court has explicitly determined that Lorain County as an entity may not be sued:

> Each county's "board of county commissioners may sue and be sued, and plead and be impleaded, in any court." Ohio Rev. Code § 305.12. But a county itself may not sue or be sued, *Estate of Fleenor*, 2022-Ohio-3581, at ¶ 13, unless that county has "adopt[ed] a charter or an alternative form of government," Ohio Rev. Code § 301.22. (Lorain County has not done so.) Therefore, Lorain County is "not a juridical entity subject to suit under Ohio law." *Tysinger v. Police Dep't.*, 463 F.3d 569, 572 (6th Cir. 2006).
>
> * * * * *
>
> To hale [sic, haul] the County into court, Plaintiff must sue "the government of" the County, 29 U.S.C. § 203(x), which is the board of county commissioners, Ohio Rev. Code § 305.12.

*Meade v. Lorain Cty.,* No. 1:23-cv-713, 2023 U.S. Dist. LEXIS 223214, at *13 (N.D. Ohio Dec. 15, 2023).

Therefore, since Lorain County is not *sui juris* and the Board of County Commissioners has not been named a party to the suit, all claims against it must be dismissed.

**2. Even if Lorain County was a party capable of being sued, the Complaint still fails to state a claim for which relief may be granted against it.**

**a. Counts I, II, III, IV and V must be dismissed.**

Even if Lorain County was *sui juris*, or alternatively, had the Lorain County Board of Commissioners been named a party to the suit, still the Complaint must be dismissed because it otherwise fails to state a plausible claim for legal relief against the County.

5

The allegations of Counts I, II, III, IV and V of the Complaint make no specific factual allegations against Lorain County. Rather, the factual allegations in these Counts pertain to alleged constitutional wrongs committed by unspecified individual Defendants; there are no allegations that some County policy or custom led to those purported violations. A local government cannot be held liable solely because it employs a tortfeasor. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). To state a claim against a government entity under Section 1983, a complaint must allege deprivation of a federal right pursuant to the entity's policy or custom. *Id.* And, when a complaint fails to include factual allegations against an entity defendant asserting that it had an unconstitutional policy or custom that caused the plaintiff's alleged deprivation of a federal right, the complaint must be dismissed. E.g. *Williams v. Cleveland Clinic*, No. 1:23 CV 1208, 2023 U.S. Dist. LEXIS 147722, at *4 (N.D. Ohio Aug. 23, 2023).

Because the allegations of Counts I, II, III, IV and V fail to state a plausible claim against the County, they must be dismissed.

    **b.**     **Count VII must be dismissed because the *Monell* claim it asserts is directed against the City of Lorain and not Lorain County, and because the Complaint otherwise does not contain *Monell* allegations against the County.**

Count VI of the Complaint is titled "*Monell* Claim Against Defendant City of Lorain." In the body of that Count, Plaintiff refers to the policies and practices of the City of Lorain police department. No mention is made of any policies, practices, or customs of the Lorain County Prosecutor's Office, either within the body of Count VII or elsewhere in the Complaint.

Because this Count does not purport to, and in fact does not, put Lorain County on fair notice that it may be the subject of a *Monell* claim (and in fact, indicates that such a claim is

6

being asserted exclusively against the City), it is subject to dismissal under Fed. Civ. Rules 8 and 12. See e.g. *Robertson v. Lucas*, 753 F.3d 606, 623 (6th Cir. 2014).

### c. Count VIII must be dismissed because it is barred by R.C. Chapter 2744 immunity.

Count VIII purports to assert a claim for intentional infliction of emotional distress. Apart from the fact it is not *sui juris*, Lorain County cannot be liable for such a claim because it is barred by the immunity afforded political subdivisions under Ohio R.C. Chapter 2744.

Political subdivisions like Lorain County are entitled to presumptive immunity under Ohio R.C. §2744.02(A). They can be sued for common law torts only if their conduct fits into an immunity exception set forth in Ohio R.C. §2744.02(B). There is no exception to immunity under Ohio R.C. § 2744.02(B) for intentional torts, including the tort of intentional infliction of emotional distress. See e.g. *Kohler v. City of Wapakoneta*, 381 F. Supp. 2d 692, 700 (N.D. Ohio 2005) (citing *Wilson v. Stark County Dep't of Human Servs.*, 70 Ohio St. 3d 450 (Ohio 1994)). See also *Walsh v. Village of Mayfield*, No. 92309 8th Dist. Cuyahoga, 2009 WL 1423921, ¶ 11, 2009-Ohio-2377 (May 21, 2009).

Further, there is no exception for tortious conduct committed by an assistant prosecutor arising out of the performance of his or her prosecutorial duties. The only potentially relevant exception is set forth in Ohio R.C. §2744.02(B)(2), but it applies to acts taken in connection with proprietary functions. Yet "[j]udicial, quasi-judicial, prosecutorial, legislative, and quasi-legislative functions," are expressly defined as governmental functions. *See* Ohio R.C. §2744.01(C)(2)(f). Under §2744.01(G)(1)(a), functions specified as "governmental" under Ohio R.C. §2744.01(C)(2) are expressly excluded from the definition of proprietary functions. All of this means that no immunity exception exist under Ohio R.C. §2744.02(B) which would allow the claim for intentional infliction of emotional distress to proceed.

> **d. Count IX must be dismissed because it is barred by R.C. Chapter 2744 immunity.**

Finally, for like reasons, the claim for *respondeat superior* liability asserted against the County in Count IX must be dismissed because it, too, is barred by Chapter 2744 immunity.

On its face, there is no immunity exception under R.C. § 2744.02(B) which creates liability on the part of a political subdivision based on the principle of respondeat superior, or merely because it employed the allegedly wrongdoing tortfeasor.

Indeed, the very framework of R.C. Chapter 2744 precludes imposition of *respondeat superior* liability upon a political subdivision, and bars attempts to impose some type of collective responsibility among a political subdivision and its employees. The doctrine of *respondeat superior* is premised on agency principles which impose liability upon an employer for the acts done by an employee in the course and scope of employment. E.g *Clark v. Campbell,* 4th Dist. No. 19CA3673, 2020-Ohio-3333, ¶ 43 (Ct. App.) citing *Friga v. E. Cleveland*, 8th Dist. No. 88262, 2007-Ohio-1716, at ¶ 25. Yet, "when an employee commits an intentional tort, it is assumed that the employee did not act within the course and scope of employment, for intentional torts generally encompass bad acts which have no place in the employment relation." *Id.* quoting, *Byrd v. Faber*, 57 Ohio St.3d 56, 58, 565 N.E.2d 584 (1991). No intentional conduct committed by a public official (and indeed, no negligent conduct) conducted by a public official while in the performance of a governmental function performed either inside or outside the scope of employment is the subject an immunity exceptions set forth in R.C. § 2744.02(B). As stated in *City of Greenfield v. Schluep*, 4th Dist. Highland No. 95CA8, 2006-Ohio-531, the Fourth District Court of Appeals stated at ¶ 20: "Traditional principles of agency are not applicable in considering a political subdivision's claim for immunity. The U.S. District Court for the Southern District of Ohio put it: this way: "Common law agency principles, however, are clearly

8

trumped by the Political Subdivision Tort Liability Act." *Woods v. Wellston*, Case No. 2:02 CV 762, (S.D. Ohio, Eastern Division, Jun. 15, 2005).

Accordingly, Ohio courts consistently hold that political subdivisions cannot be liable on the theory of *respondeat superior*, unless one of the immunity exceptions under R.C. § 2744.02(B) otherwise applies in the first instance. See e.g. *Reno v. Centerville*, 2004 WL 316512, 2004 -Ohio- 781 ¶ 53 (Montgomery Co. App. Feb. 20, 2004); *Lee v. Cleveland*, 151 Ohio App.3d 581, 2003–Ohio–742 ¶ 20 (Cuyahoga App. Feb. 20, 2003); *City of Greenfield v. Schluep*, 2006 WL 290471, 2006-Ohio-531 ¶ 20 (Highland Co. App. Feb. 1, 2006).

Thus the allegations in Count IX of the Complaint which seek to hold the County vicariously liable on the basis of *respondeat superior* fail as a matter of law.

**D.     Conclusion**

Based on the foregoing, Defendant Lorain County asks that the Complaint against it be dismissed, with all costs borne by Plaintiff.

> Respectfully submitted,
>
> /s Teresa L. Grigsby
> Teresa L. Grigsby (0030401)
> Spengler Nathanson P.L.L.
> 900 Adams Street
> Toledo, OH  43604
> Telephone: (419) 241-2201
> Facsimile: (419) 241-8599
> tgrigsby@snlaw.com
>
> *Counsel for Defendant Lorain County*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2024, a copy of the foregoing instrument was filed electronically with the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Teresa L. Grigsby
Teresa L. Grigsby

*Counsel for Defendant Lorain County*

698088