IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, CLEVELAND DIVISION

| | |
|---|---|
| NANCY SMITH, | ) |
| | ) |
| Plaintiff, | )  Case No. 1:24-cv-00344 |
| | ) |
| v. | )  Hon. DAVID A. RUIZ |
| | ) |
| CITY OF LORAIN AL., | )  Mag. Judge JENNIFER DOWDELL |
| | )  ARMSTRONG |
| Defendants. | ) |
| | )  JURY TRIAL DEMANDED |

**PLAINTIFF'S 12(f)(2) MOTION TO STRIKE DEFENDANT LORAIN COUNTY'S 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES Plaintiff, NANCY SMITH, by her attorneys LOEVY & LOEVY, and respectfully files Plaintiff's Fed. R. Civ. P. 12(f)(2) Motion to Strike Defendant Lorain County's Fed. R. Civ. P. 12(C) Motion for Judgment on the Pleadings.  In support of this Motion, Plaintiff states as follows:

1. On July 23, 2024, Defendant Lorain County filed a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings.  Dckt. 37.  Defendant Lorain County makes several arguments in support of its motion for judgment on the pleadings, including that: (1) the County is not *sui juris*, *Id.* at 4-5; (2) the Complaint fails to state a claim for which relief can be granted, *Id.* at 5-6; (3) Count VIII is barred by immunity, *Id.* at 7; and that (4) Count IX is barred by immunity. *Id.* at 8.  Because of these alleged defects, Defendant Lorain County argues that it is entitled to judgment on the pleadings[1].

---

[1] In the event that this Court does not strike Defendant Lorain County's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, Plaintiff respectfully requests an opportunity to respond to Defendant's Motion on the merits prior to this Court issuing a ruling.

2. Defendant Lorain County's motion is without merit and without basis in the law. However, at this point in the litigation, there is no need to address Defendant's motion because it was filed prematurely.

3. Under Fed. R. Civ. P. 12(C), a motion for judgment on the pleadings cannot be filed until the pleadings are "closed."  Specifically, Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial – a party may move for judgment on the pleadings."

4. "Although it does not appear that the Sixth Circuit has directly addressed this issue, a number of district courts in this and other circuits addressing this issue have held that pleadings are not "closed" until every defendant has filed an answer."  See *Dunn-Mason v. JP Morgan Chase Bank Nat. Ass'n*, 2013 WL 4084676 at *4; *See also Wells Fargo Financial Leasing, Inc. v. Griffin,* 97. F.Supp.2d 700, 705 (E.D.Ky. 2013) ("[B]ecause Griffin has not filed an answer, not all Defendants have answered the Complaint…Thus, the pleadings in this matter are not "closed" for purposes of rule 12(c)"); *Kowall v. GMAC Mortg., LLC*, 2012 WL 884851, at *1 (E.D.Mich. Mar. 15, 2012) (pleadings do not close for purposes of a Rule 12(c) motion until defendants have filed an answer to the complaint); *Horen v. Board of Educ. of Toledo City Sch. Dist.*, 594 F.Supp.2d 833, 840 (N.D.Ohio 2009) ("If a case has multiple defendants, all defendants must file an answer before a Rule 12(c) motion can be filed.") (citing *Habeeba's Dance of the Arts., Ltd. V. Knoblauch*, 2006 WL 968642, at *2 (S.D.Ohio Apr. 10, 2006)); *Nationwide Children's Hosp., Inc. v. D.W. Dickey & Sons, Inc. Emp. Health & Welfare Plan*, 2009 WL 5247486, at *1 (S.D.Ohio Dec. 31, 2009) ("Thus, the pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering."); *Doe v. United States*, 419 F.3d 1058 (9th Cir. 2005); *Progressive Casualty Ins.*

*Co. v. Estate of Crone*, 894 F.Supp. 383 (D. Kansas 1995); *Signature Combs, Inc. v. United States*, 253 F.Supp.2d 1028, 1030-1031 (W.D. Tenn. 2003).

5. The "pleadings" stage in this case continues to be open.

6. To date, three separate sets of Defendants (Lorain City, Lorain County, Individual Lorain City Defendants), have yet to file an Answer to Plaintiff's Complaint.

7. Specifically, on March 18, 2024, the Defendant Rosenbaum filed a motion to dismiss Plaintiff's Complaint. Dckt. 15. That motion is fully briefed.

8. On May 20, 2024, the Lorain City Defendants filed a Motion to Dismiss. Dckt. 26. That motion is also fully briefed.

9. To date, neither Defendant Lorain County nor the Lorain City Defendants have filed an Answer to Plaintiff's Complaint.

10. As such, the "pleadings" stage in this case under Fed. R. Civ. P. 12(c) continues to remain open. Because the pleadings stage remains open, Defendant Lorain County's Fed. R. Civ. P. 12(C) motion for a judgment on the pleadings must be stricken, as it is entirely premature at this juncture of the litigation.

11. Plaintiff recognizes that courts maintain discretion in certain circumstances to consider a Rule 12(c) motion even where not all defendants have filed an answer. *See Dunn-Mason*, 2013 WL 4084676, at * 4. In *Dunn-Mason*, the Court recognized that this is only appropriate "in limited circumstances, such as when a plaintiff fails to serve one of the defendants." *Id.*; *See also Moran v. Peralta Comty. Coll. Dist.*, 825 F.Supp. 891, 894 (D.Cal. 1993) (holding that particular defendant had not been served and was not yet a party and the pleadings were therefore "closed" for the purposes of the 12(c) motion); *Noel v. Hall*, 2005 WL 2007876, at *2 (D.Or. Aug. 16, 2005) (considering motion for judgment on the pleadings where

other two defendants had not answered the complaint for five years and the motion only sought to resolve a legal issue without dismissing any claims).  None of those limited circumstances justify doing so in this case as all the Defendants have been served.

12.     For the reasons discussed above, Defendant Lorain County's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings must be stricken.

                                    RESPECTFULLY SUBMITTED,


                                    **NANCY SMITH.**

                        BY**:**   /s/ Elliot Slosar
                                  *One of Plaintiff's Attorneys*

**CERTIFICATE OF SERVICE**

    I, Elliot Slosar, an attorney, hereby certify that on August 19, 2024, I filed a copy of the foregoing via the Court's CM/ECF system and thereby served a copy on all counsel of record and served a copy via U.S. Mail to the following:

Margaret Grondin
27409 Detroit Rd., Apt. G10
Westlake, OH 44145

                                              /s/ Elliot Slosar
                                              Attorneys for Plaintiff