## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO, CLEVELAND DIVISION

| | |
|---|---|
| NANCY SMITH, | ) Case No. 1:24-cv-00344 |
| | ) |
| Plaintiff, | ) |
| | ) HON. DAVID A. RUIZ |
| v. | ) |
| | ) |
| CITY OF LORAIN, et al. | ) MAG. JUDGE JENNIFER DOWDELL |
| | ) ARMSTRONG |
| Defendants. | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF 12(f)(2) MOTION TO STRIKE DEFENDANT LORAIN COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES Plaintiff, NANCY SMITH, by her attorneys LOEVY & LOEVY, and respectfully files Plaintiff's Reply in support of her Rule 12(f)(2) Motion to Strike Defendant Lorain County's 12(c) Motion for Judgment on the Pleadings. In support of this Motion, Plaintiff states as follows:

1. Since the pleading stage remains open, Defendant Lorain County's Rule 12(c) Motion for Judgment on the Pleadings is premature and should be stricken. Defendant County acknowledges as much in its response.

2. But conversion of Defendant County's Rule 12(c) motion to a Rule 12(b)(6) motion fails as well as the County has *already* filed an answer to Plaintiff's Complaint. As stated below, a party is procedurally barred from filing a Rule 12(b)(6) Motion after answering the Complaint. In short, Defendant's request is both untimely and procedurally defaulted. For the reasons stated below, the pending motion should be stricken (without prejudice).

3. On July 23, 2024, Defendant County filed a motion for judgment on the pleadings (Dckt. 37).

4. On Aug. 19, 2024, Plaintiff filed a 12(f)(2) motion to strike Defendant's 12(c) motion. Dckt. 39.

5. On Aug. 26, 2024, Defendant County filed a response in opposition to Plaintiff's motion to strike. Dckt. 40.

6. In its response to Plaintiff's motion to strike, Defendant County acknowledges its 12(c) motion for judgment on the pleadings is premature by asking the Court to convert the 12(c) motion to a Rule 12(b)(6) motion to dismiss. Dckt. 40, at 1-2 ("First… a motion for judgment on the pleadings need not be denied even though not all Defendants have answered; instead, it may (and should) be considered as a Rule 12(b)(6) motion to dismiss[.]").[1] *See* Dckt. 39, Plaintiff's Motion to Strike, ¶ 3 (arguing that Defendant may not move for judgment on the pleadings until the pleadings are "closed" and thus Defendant's 12(c) motion should be denied as premature).

7. But Defendant's request for conversion also fails. Under the Federal Rules, a 12(b)(6) motion to dismiss for failure to state a claim must be made before responsive pleading. Fed. R. Civ. P. 12(b)(6) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). *See generally id.*, Notes of Advisory Committee to Subdivisions (b) and (d) ("No replication need be filed to the answer, and objections to the sufficiency of the petition or answer as not setting forth a cause of action or defense must be

---

[1] Defendant County argues that converting its 12(c) motion to a 12(b)(6) motion would not cause prejudice because "each of the arguments raised by Lorain County's motion for judgment on the pleadings was raised as an affirmative defense in its answer[.]" Dckt. 40, at 1-2. *See* Dckt. 21, Answer of Defendant Lorain County, Ohio to Plaintiff's Complaint (Doc. 1) (filed on April 16, 2024). It's seriously mistaken as Plaintiff would endure severe prejudice from such a conversion.

taken at the final hearing or by motion to dismiss the petition based on said grounds, which motion may be made at any time before answer is filed.").

8. As Defendant County acknowledges, that did not happen here.

9. Instead, Defendant Lorain County opted to file an Answer to Plaintiff's Complaint. Months later it then filed a Rule 12(c) Motion for Judgment on the Pleadings. Only when the untimeliness of that Rule 12(c) motion was raised did Defendant attempt to pivot and have the motion converted to a Rule 12(b)(6).[2]

10. As described above and argued in Plaintiff's motion to strike, Defendant County's Rule 12(c) motion is premature at this stage of the litigation since the pleadings remain open. *See* Dckt. 39, ¶ 3. That motion cannot be converted at a Rule 12(b)(6) as the Defendant has already answered Plaintiff's Complaint. In short, Defendant County is unable to properly file a procedurally ripe Rule 12(c) motion or a timely 12(b)(6) motion.[3]

## CONCLUSION

For reasons explained above, Plaintiff respectfully requests that this Court grant her Motion to Strike Defendant Lorain County's Motion for Judgment on the Pleadings.[4]

---

[2] Although some district courts have allowed parties to file post-answer 12(b)(6) motions, "[c]ourts consider Rule 12(b)(6) motions to dismiss filed after a responsive pleading, not as a Rule 12(b) motion, but as a Rule 12(c) motion for judgment on the pleadings." *Round Rock Indep. Sch. Dist. v. Amy M.*, 540 F. Supp. 3d 679, 693 (W.D. Tex. 2021).

[3] Finally, Defendant makes a false presumption that the court should treat its premature 12(c) motion as an untimely 12(b)(6) motion, after having already filed a responsive pleading. Defendant also claims that Plaintiff's motion to strike should be denied because Defendant's motion for judgment on the pleadings is not "redundant, immaterial, impertinent or scandalous" under Rule 12(f). Dckt. 40, at 3. However, Plaintiff's motion to strike is rooted in the impertinent timing of Defendant's 12(c), as described above.

[4] If this Court does not strike Defendant Lorain County's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, Plaintiff respectfully requests an opportunity to respond to Defendant's Motion on the merits prior to this Court issuing a ruling.

                                                         RESPECTFULLY SUBMITTED,

                                                         /s/ Elliot Slosar

Jon Loevy
Elliot Slosar
Amy Robinson Staples
Margaret Campbell
Kathryn Montenegro
Loevy & Loevy
311 N. Aberdeen St., 3rd floor
Chicago, Illinois 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

      I, Elliot Slosar, an attorney, hereby certify that on Sep. 3, 2024, I filed a copy of the foregoing motion via the Court's CM/ECF system and thereby served a copy on all counsel of record and served a copy via U.S. Mail to the following:

Margaret Grondin
27409 Detroit Rd., Apt. G10
Westlake, OH 44145

                                                        /s/ Elliot Slosar
                                                        Attorneys for Plaintiffs