**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NANCY SMITH, | : | Case No. 1:24-cv-00344 |
| Plaintiff, | : | Judge David A. Ruiz |
| v. | : | Magistrate Judge Jennifer Dowdell Armstrong |
| CITY OF LORAIN, et al. | : | |
| Defendants. | : | |

**DEFENDANT JONATHAN E. ROSENBAUM'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

Now comes Defendant Jonathan E. Rosenbaum, by and through counsel, and hereby respectfully renews his motion to stay discovery until this Court has ruled on Defendant's Motion to Dismiss (Doc #15), which remains pending and undetermined. This Court should grant Defendant's Motion to Stay Discovery in the interests of manifest justice and, contrary to Plaintiff's arguments, a stay of discovery is required in this case.

A memorandum in support of this Motion is attached hereto and incorporated herein.

Respectfully submitted,

/s/ *Daniel T. Downey*
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLC**
7775 Walton Parkway Suite 200
New Albany, OH 43054
(614) 221-1216 - Telephone
(614) 221-8769 – Facsimile
ddowney@fisheldowney.com
*Counsel for Defendant Jonathan Rosenbaum*

**MEMORANDUM IN SUPPORT**

On March 18, 2024, Defendant Jonathan E. Rosenbaum filed his Motion to Dismiss (Doc #15), which remains pending and undetermined. While Defendant Rosenbaum's Motion to Dismiss and the questions of immunity remain unresolved, on October 21, 2026, Defendant Rosenbaum filed his Motion to Stay Discovery (Doc #62). Despite what Plaintiff argues in her Response in Opposition to Defendant's Rosenbaum's Motion to Stay Discovery, a temporary stay on discovery is proper to prevent manifest injustice, protect the parties from unnecessary burdens of litigation, and promote judicial economy. Defendant Rosenbaum now timely files this Reply.

**ARGUMENT**

**A. Defendant's Motion to Stay is Not a Motion for Reconsideration, and, If Construed as Such, Should be Granted to Prevent Manifest Injustice**

Defendant Rosenbaum's Motion to Stay Discovery is not a motion for reconsideration. No deposition has been requested by any party and Plaintiff did not issue any discovery requests to Defendant Rosenbaum until the Motion for Stay was filed with the Court. The issue of a stay has not been formally placed before the Court. The undersigned believed a decision on the Motion to Dismiss was forthcoming following the 26(f) Conference removing a need to seek a formal stay. A decision granting the Motion to Dismiss would result in Defendant Rosenbaum's dismissal from the case, while a decision denying the Motion to Dismiss may result in an interlocutory appeal. In neither instance would Defendant Rosenbaum be required to immediately take part in the discovery process.

Even if the Court does construe Defendant Rosenbaum's Motion to Stay Discovery (Doc #62) as a motion for reconsideration, the Court should still grant Defendant's Motion to prevent manifest injustice[1]. The Sixth Circuit has defined "manifest injustice" as "an error in the trial court

[1] Plaintiff's Response in Opposition to Defendant Rosenbaum's Motion to Stay Discovery (Doc #63) cites the basis for a motion to reconsider pursuant to Rules 59 and 60. Rules 59 and 60 deal with relief or amendment to final

that is direct, obvious, and observable." *Tennessee Protection & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004), citing *Black's Law Dictionary 974* (7th ed. 1999). Defendant Rosenbaum is entitled to a determination on his threshold for immunity prior to engaging in discovery and the case law supports this requirement. The Supreme Court of the United States has held that discovery "should be halted until the threshold question of immunity is resolved." *Criss v. Kent*, 867 F.2d 259, 261 (6th Cir. 1988), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Failure to resolve the immunity issue at the earliest possible moment while parties expend inordinate and unnecessary time and money would be an apparent error worthy of (re)consideration. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

**B. Defendant Rosenbaum Merits a Temporary Stay of Discovery While Dispositive Motions are Pending**

Plaintiff also argues the Defendant Rosenbaum's Motion to Stay Discovery (Doc #62) fails on the merits, but her argument is not tethered to the matters actually presented in his pleadings. Plaintiff incorrectly posits that Defendant Rosenbaum's Motion to Dismiss (Doc #15) is "truly garden-variety in nature." Doc #63, PageID #808. Raising a defense of immunity to suit is quintessentially anything but garden variety and merits a stay of discovery, and even the court cited by Plaintiff in her Response said the same thing. "Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay… a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, S.D.Ohio No. 2:10-cv-0394, 2010 U.S. Dist. LEXIS 98934, *5 (Sep. 7, 2010). Defendant does not need to show that Plaintiff's case will certainly be dismissed (although

judgments, whereas Rule 54 concerns interlocutory or non-final orders and judgments. However, the analysis of a motion for reconsideration under Rules 54, 59, and 60 involve the same factors: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F.App'x 949, 959 (6th Cir. 2004).

he argues that it should be); at this time, he requests only that discovery be temporarily stayed while his extraordinary dispositive motion is still pending.

Plaintiff is insistent on sidestepping the need for stay by addressing arguments that are not yet ripe for this Court's attention. Defendant Rosenbaum made no argument in his Motion to Stay Discovery concerning the preclusive effect of a now-vacated conviction or any attempt to intervene on Plaintiff's exoneration. Plaintiff also prognosticating the remaining Defendants' knowledge and beliefs in not joining this Motion to Stay Discovery goes too far. These arguments are without merit and should be stricken as nonresponsive to the matter at hand.

Finally, Plaintiff seems to be under the impression that Defendant seeks prohibition of all discovery and to never participate in any part of the discovery process. Defendant Rosenbaum has already demonstrated this simply is not the case as he has participated in the parties' planning of the case management schedule (See Doc #49), was part of the Case Management Conference on July 23, 2026 (See Doc #51), and proffered his initial disclosures as required.

Contrary to Plaintiff's assertion, other factors justify a temporary stay of discovery. First, Defendant Rosenbaum has pleaded the immunity defense, and the Court should resolve this issue before permitting discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Second, determining the issue of immunity prior to discovery will undoubtedly preserve party resources and improve judicial economy in the long run. Nothing indicates the parties will be forced to depose witnesses multiple times. The Supreme Court has repeatedly favored a temporary stay on the heavy burden of litigation discovery while the courts can decide issues of immunity. *Pearson* at 232. *Mitchell v. Forsyth*, 472 U.S. 511, 527, 105 S. Ct. 2806 (1985). And questions of immunity should be resolved at the earliest possible stage of litigation to minimize such costs. *Pearson* at 232.

Defendant Rosenbaum seeks a stay, rather than a prohibition, of discovery, and thus the burden of requesting a stay is lighter than it would be if he was seeking total freedom from discovery. *Bowens v. Columbus Metro. Library Bd. of Trs., No. 2:10-cv-00219, 2010 U.S. Dist. LEXIS 103399, *3 (S.D. Ohio Sep. 16, 2010).*, citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983). This lighter burden combined with the need to determine the issues of immunity require granting Defendant Rosenbaum's Motion to Stay.

## CONCLUSION

Defendant's Rosenbaum respectfully restates his request for a stay of discovery pending resolution of his Motion to Dismiss and the questions of immunity. A stay of discovery is required to serve the interests of justice and safeguard both the parties' and the court's time and money. Defendant Rosenbaum's Motion to Stay Discovery should be granted.

Respectfully submitted,

/s/ *Daniel T. Downey*

Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLC**
7775 Walton Parkway Suite 200
New Albany, OH 43054
(614) 221-1216 - Telephone
(614) 221-8769 – Facsimile
ddowney@fisheldowney.com
*Counsel for Defendant Jonathan Rosenbaum*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Reply in Support of Motion to Stay Discovery was served, via the court's CM/ECF system, upon all counsel this 11th day of November 2026.

/s/ *Daniel T. Downey*
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLC**
*Counsel for Defendant Jonathan Rosenbaum*